# Order

Michigan Supreme Court
Lansing, Michigan

March 29, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

145594

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

WILLIAM CRAIG GARRETT,
       Defendant-Appellant.

SC: 145594
COA: 307728
Wayne CC: 1995-003838-FH

_____/

On order of the Court, the application for leave to appeal the June 8, 2012 order of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) by what standard(s) Michigan courts consider a defendant's assertion that the evidence demonstrates a significant possibility that he is actually innocent of the crime in the context of a motion brought pursuant to MCR 6.508, and whether the defendant in this case qualifies under that standard; (2) whether the Michigan Court Rules, MCR 6.500, *et seq.* or another provision, provide a basis for relief where a defendant demonstrates a significant possibility of actual innocence; and (3) whether, if MCR 6.508(D) does bar relief, there is an independent basis on which a defendant who demonstrates a significant possibility of actual innocence may nonetheless seek relief under the United States or Michigan Constitutions.

The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

MCCORMACK, J. (*concurring*).

In addressing the issues highlighted in this order, I encourage the parties to consider the following: (1) whether MCR 6.508(D)(2) bars relief premised on issues previously decided against defendant on direct appeal; (2) whether MCR 6.508(D)(2) bars a claim of ineffective assistance of counsel when that claim is premised on an issue

previously decided against defendant on direct appeal; (3) the scope of relief, if any, available to a defendant under MCR 7.316(A)(7) in light of MCR 6.508(D); and (4) whether, when the only grounds for relief properly presented under MCR 6.508(D) are insufficient to entitle defendant to relief under that provision, a court may nonetheless consider, in conjunction with those grounds, claims and evidence considered at an earlier stage of review.

MARKMAN, J., joins the statement of MCCORMACK, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 29, 2013

_____
Clerk

s0326